State vs. Ned.

PROVOSTY, J., takes no part.

---

## No. 13,960.

### STATE OF LOUISIANA vs. JEAN BAPTISTE NED.

#### SYLLABUS.

The conviction of a person of a crime which the Constitution requires should be tried by a jury of twelve, though nine jurors concurring might render a verdict (Article 116 of the Constitution of 1898), is not a legal conviction, though twelve jurors were physically present during the trial and all concurred in a verdict of guilty, if one of the jurors on the jury was in a drunken condition during the trial.

APPEAL from the Sixteenth Judicial District, Parish of St. Landry—*Lewis, J.*

*R. Lee Garland,* District Attorney, for Plaintiff, Appellee.

*John W. Lewis* and *James J. Baily,* for Defendant, Appellant.

#### STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J. The defendant appeals from a sentence of seven years' imprisonment at hard labor in the penitentiary.

State vs. Ned.

The crime of which he was convicted was one requiring for conviction under the Constitution, "a trial" by a jury of twelve. (Article 116 of the Constitution of 1898.)

The court overruled his motion for a new trial, which assigned as the ground therefor that "one of the jurors, Lastie L. Harmon, who, after the panel had been completed and the trial gone into and the court reconvened, pursuant to adjournment, appeared in court in a drunken condition. That when the first witness, after the recess hour, was called on and before his testimony was given the said juror, because of his drunken condition, had to be removed to an adjoining room; that when he reappeared in court and resumed his seat among his fellow jurors, he was still in an intoxicated condition, unable to hear, follow and understand the testimony, and immediately fell asleep and remained in that condition during the remainder of the trial, and had to be awakened by one of the jurors when the judge ordered the jury to their chamber for deliberation. That the juror remained asleep during the entire time that the different witnesses were testifying, during the argument of counsel and the charge of the judge."

The judge refused the new trial, assigning as his reason that, under Article 116 of the Constitution, in cases of this character, though a jury of twelve is required, nine of the jurors can find a verdict, and the misconduct of one member of the jury does not render the finding of the nine concurring members invalid, unless it be shown that said juror was one of the nine rendering the verdict.

That the record in the case failed to show any dissenting juror, and the reason for setting aside the verdict of jurors under the old rule of unanimity does not exist in this case, and in the opinion of the court should not be applied, especially in view of the consideration that no injury either appears or has been shown to the accused. The misconduct of the juror was not of such a nature as to have any appreciable influence on the other members in arriving at a just verdict, as the law permitted the remaining jurors to render a legal verdict.

The Attorney General has filed no brief in the case. In that of the district attorney, he says: "The evidence taken on the trial of the motion for a new trial we must admit establishes the fact that the juror was to a certain extent *hors de combat,* so that there can be no dispute between the State and the defense as to the facts governing the trial of the motion, narrowing the contention to a question of law, to-wit: whether, since the adoption of the Constitution of 1898 misconduct on

the part of one member of the jury will vitiate a verdict rendered in a case where, under the Constitution, nine concurring can render a verdict, unless similar charge of misconduct can be levelled against his fellows."

Neither the judge nor the district attorney should have permitted the trial to proceed under the conditions existing. The spectacle of a man on trial for a crime involving his liberty, with a drunken juror in the jury-box, is not one calculated to advance the proper administration of justice, nor to inspire the people with the respect which should be due to courts.

Independently of this, the conclusions of law reached by the court and the district attorney were not well grounded. The duty of a jury is not simply to hear the evidence adduced upon a trial, but on retiring to their room to deliberate upon it. The Constitution required that in this case the accused should be tried by twelve men. He could not waive this requirement. He was entitled to the deliberation, consultation and decision of twelve men. This he has not had. Had a jury of twelve been empannelled for the trial of this cause, and one or two of the jurymen absenting themselves, the trial been proceeded with with nine or ten or eleven jurors, it could not be claimed that the constitutional requirement that the accused should be tried by a jury of twelve had been complied with. We understand the Constitution to require, not simply that nine jurors should concur in a verdict, but that twelve must be present from the beginning of the trial to the end. The juror in this case was physically present, but for legal purposes he might well have been absent.

We do not intimate that every act of misconduct by a single juror would carry with it the avoidance of the verdict rendered by the jury, but misconduct, such as has been shown in this case, should carry and does carry with it that result.

For the reasons assigned herein it is ordered, adjudged and decreed that the verdict of the jury and the judgment thereon rendered, be and the same is hereby set aside and the cause remanded to the district court for further proceedings, according to law.